UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENIA SONG,<br><br>       Plaintiff,<br><br>-against-<br><br>RAND CORP.,<br><br>       Defendant. | 1:24-CV-4508 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Eugenia Song, who appears to reside in Philadelphia, Pennsylvania, filed this *pro se* action invoking the court's diversity jurisdiction. She sues the Rand Corporation, which, she alleges, is located in Santa Monica, California, and is incorporated in California, with its principal places of business in "California + [the] Washington, D.C. area." (ECF 1, at 2, 4.) Plaintiff seeks injunctive relief and damages. For the following reasons, the Court transfers this action to the United States District Court for the Central District of California.

## DISCUSSION

  The applicable venue provision for Plaintiff's claims can be found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other entity "with the capacity to sue and be sued," if a

defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question.[1] *See* § 1391(c)(1), (2).

Plaintiff seems to allege that the Rand Corporation resides in Santa Monica, Los Angeles County, California (ECF 1, at 2, 7), which lies in the Central District of California, *see* 28 U.S.C. § 84(c)(2). Thus, under Section 1391(b)(1)(A), venue for this action lies in the United States District Court for the Central District of California.[2]

Plaintiff does not specify where a substantial part of the events or omissions giving rise to her claims occurred, or a substantial part of the property that is the subject of this action is situated. She does seem to allege, however, that some events occurred in the following locations: (1) where she resides, in Philadelphia, Philadelphia County, Pennsylvania, within the Eastern District of Pennsylvania, *see* 28 U.S.C. § 118(a); (2) at Columbia University, in New York, New York County, New York, within this judicial district, *see* 28 U.S.C. § 112(b); and (3) at the Rand Corporation's location in Santa Monica, Los Angeles County, California, within the Central District of California, *see* § 84(c)(2). Thus, it is unclear, under Section 1391(b)(2), what the proper venue(s) for this action is/are.

---

[1] With respect to a defendant that is a corporation, for venue purposes:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

[2] To the extent that Plaintiff also alleges that the Rand Corporation has its principal places of business in another part of California and in the "Washington, D.C. area" (ECF 1, at 4), she has not provided enough facts for the Court to make a determination as to which other judicial districts that the Rand Corporation may reside in for the purposes of venue.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a district court may transfer the case to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Central District of California is appropriate for this action. The Rand Corporation appears to reside in the Central District of California, and Plaintiff seems to allege that at least some of the events that are the bases for this action occurred within that judicial district. In addition, it is reasonable to expect that relevant documents and witnesses would be located in that judicial district. The United States District Court for the Central District of California appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Central District of California. Whether Plaintiff should be permitted to proceed in this action further without prepayment of fees (*see* ECF 2), and whether she should be granted permission to file documents in this action electronically (*see* ECF 4), are determinations to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court. Thus, the Court also directs the Clerk of Court to terminate all pending requests and motions in this action without prejudice to the transferee court's determinations as to those requests and motions.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 14, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge